**Michael Dean PERRY Plaintiff—Appellant,**

v.

**Maxi CIRLIANO, Sheriff, Gregg County, Longview Police Department, Unidentified Denmon, Captain, Gregg County Jail, Gene Anderson, Officer, Gregg County Jail, Shannon Standard, Officer, Gregg County Jail Defendants—Appellees.**

No. 02–41297.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2003.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Michael Dean Perry, Henderson, TX, pro se.

Robert Scott Davis, Christi Johnson Kennedy, Flowers Davis, Tyler, TX, for Defendant–Appellee.

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM.*

Michael Dean Perry, Texas prisoner # 1084501, appeals from the denial of his postjudgment motion for a new trial, which was properly construed as a motion for relief from judgment under FED. R. CIV. P. 60(b). *See Harcon Barge Co. v. D & G*

Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.1986) (en banc). In the instant appeal, Perry has filed motions seeking appointment of counsel and production of a transcript at government expense. Those motions are DENIED.

In his FED. R. CIV. P. 60(b) motion, Perry challenged the dismissal with prejudice of his 42 U.S.C. § 1983 lawsuit on the grounds that: (1) he had not been admonished of his right to appeal; (2) he was denied full disclosure of the evidence; (3) his requests for appointment of counsel had been denied; (4) he was denied access to adequate legal materials; and (5) the jail personnel interfered with his right to access the courts. Perry's lawsuit was dismissed with prejudice because he failed to obey the magistrate judge's order and answer questions posed to him on cross-examination during the bench trial. As none of Perry's arguments in his FED. R. CIV. P. 60(b) motion addressed that sole basis for dismissal, the denial of that motion was proper. *See Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981).

As Perry's appeal lacks arguable merit, it is DISMISSED AS FRIVOLOUS. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996). If he accumulates three "strikes" under 28 U.S.C. § 1915(g), Perry will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *Id.*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

APPEAL DISMISSED; MOTIONS DENIED; THREE–STRIKES WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.